UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIE BETH MOORHEAD,

    Plaintiff,

v.                                      Case No:   3:18-cv-472-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Julie Beth Moorhead, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. Plaintiff subsequently filed a Reply Memorandum (Doc. 23) on November 26, 2018. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

   **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed an application for a period of disability and DIB on March 27, 2015, alleging a disability onset date of February 13, 2009. (Tr. 175-76). Plaintiff's claim was denied initially on June 16, 2015, and upon reconsideration on August 20, 2015. (Tr. 100-02, 105-09). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Bernard Porter on April 5, 2017. (Tr. 31-78). On May 24, 2017, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 10-26). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on February 14, 2018. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on April 9, 2018.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of February 13, 2009, through her date last insured of September 30, 2014. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety disorder, panic attacks, depressive disorder, and asthma. (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff, through the date last insured, had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b), except the claimant has the ability to lift and/or carry twenty pounds occasionally, and ten pounds frequently. The claimant can push and/or pull as much as she can lift and/or carry. In an eight-hour day, she can sit for six hours, stand for six hours, and walk for six hours. She can occasionally climb stairs and ramps, but never climb ladders, or scaffolds. The claimant should not work in any environment with temperature extremes or have concentrated exposure to humidity, wetness, dust, fumes, or gases. The claimant should have no exposure to workplace hazards such as unprotected heights and moving mechanical parts. The Claimant is limited to occasional interaction with supervisors, co-workers, and the general public. In addition to normal breaks, the claimant could expected to be off-task for up to eight percent (8%) of an eight-hour workday.

(Tr. 15). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a dental assistant. (Tr. 24).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 24). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as maid, plumbing and hardware assembler, and inspector/tester/sorter. (Tr. 25). The ALJ concluded that Plaintiff was not under a disability from February 13, 2009, the alleged onset date, through September 30, 2014, the date last insured. (Tr. 25).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to address the borderline age situation; and (2) whether the ALJ erred by failing to properly evaluate treating opinion evidence. The Court begins with the first raised issue.

In his decision, the ALJ found that Plaintiff was "a younger individual age 18-49, on the date last insured" and that Plaintiff "subsequently changed age category to closely approaching advanced age." (Tr. 24). The record shows that Plaintiff was three months away from her 55th birthday as of her date last insured.

According to Plaintiff, if the ALJ had considered Plaintiff in the category of "advanced age," the Grids would have directed a finding of "disabled." (Doc. 16 p. 7). Plaintiff contends that the ALJ erred by failing to even acknowledge the borderline age situation. (Doc. 16 p. 7). In response, Defendant argues that the ALJ properly determined Plaintiff's age categories based on Plaintiff's chronological age. (Doc. 20 p. 5-6). Further, Defendant argues that even if the ALJ considered the borderline age situation, the evidence would not support a determination that Plaintiff should be considered in an older age category. (Doc. 20 p. 6-7).

The regulations state that age categories shall not be applied "mechanically" in a "borderline age situation," defined as being within a few months of a new age category, and a two-step analysis is required to determine whether to use a higher age than a claimant's chronological age when applying the medical-vocational guidelines: "(1) determine whether the claimant's age is within a few days or a few months of a higher age category; (2) if so, determine whether using the higher age category would result in a decision of 'disabled' instead of 'not disabled.'" 20 C.F.R. § 416.963(b); POMS DI 25015.006 "Borderline Age".

Courts have found that an ALJ must consider a claimant's borderline situation and explain his or her decision to apply a particular age category. *See McShane v. Comm'r of Soc. Sec.*, 2016 WL 836690, at *4 (M.D. Fla. Mar. 4, 2016) (collecting cases). In the Northern and Middle District of Florida, courts

> have also required that an ALJ explicitly consider a claimant's borderline situation in rendering a decision. *See Bowman v. Colvin*, No. 1:15-CV-

> 00008-MP-CAS, 2015 WL 5898313, at *2 (N.D. Fla. Oct. 8, 2015) (finding that the ALJ should "explicitly or implicitly consider which age category should be applied" in a borderline situation); *Roark v. Comm'r of Soc. Sec.*, No. 6:14-CV-84-ORL-37TBS, 2015 WL 1288140, at *7 (M.D. Fla. Mar. 20, 2015) (remanding the case and directing the ALJ to provide the claimant with an opportunity to be heard on her borderline situation, make an individualized determination of the age factor, and expressly articulate his consideration of the claimant's borderline situation); *Rogers v. Comm'r of Soc. Sec.*, No. 6:12-CV-1156-ORL-GJK, 2013 WL 5330452, at *5 (M.D. Fla. Sept. 23, 2013) (remanding the case and directing the ALJ to provide the claimant with an opportunity to be heard on her borderline situation, make an individualized determination of the age factor, and expressly articulate his consideration of the claimant's borderline situation).

*Id.*

In this case, Plaintiff, who was born on December 30, 1959, was 54 years old on her date last insured. Plaintiff was three months away from her fifty-fifth birthday. Thus, as an initial matter, the Court notes that the ALJ was factually incorrect when he found that Plaintiff was a "younger individual" on the date last insured. Presumably, the ALJ meant to state that Plaintiff was a younger individual when she filed her claim, not when her insured status expired. In any event, the ALJ subsequently found that Plaintiff changed age category to "approaching advanced age" and considered this finding when applying the Grids. Accordingly, the ALJ's factually incorrect finding that Plaintiff was a younger individual on the date last insured does not constitute reversible error.

The Court, however, does find that the ALJ erred by failing to acknowledge the borderline age situation. While there is no bright line rule for how many months is borderline, the predominant view is that six months from the next age category is the outer limit. *Dubyna v. Colvin,* 2014 WL 4660363, at *7 (M.D. Fla. Sep. 17, 2014). On her date last insured, Plaintiff was three months from reaching the category "advanced age." Further, if the ALJ had considered Plaintiff in the "advanced age" category and applied the same vocational factors when applying

the Grids as he did in his decision, Grid Rule 202.06 would direct a finding of "disabled." 20 C.F.R. § 404, Subpt. P, App. 2.

Thus, this case constituted a borderline situation and the ALJ should have considered the overall impact of factors in Plaintiff's case before determining which age category in which to classify Plaintiff. By failing to do so, or even acknowledge the borderline situation, the Court finds that the ALJ erred by failing to adequately explain the basis for his decision. *See McShane*, 2016 WL 836690, at *5 (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982)).

The Court rejects Defendant's arguments that an application of the Program Operations Manual System (PMOS) supports the ALJ's finding that Plaintiff was an individual approaching advanced age. After determining that a borderline age situation is present, POMS DI 25015.006 requires that in order for the higher age to be justified, a claimant must show additional adversities, such as education below the high school level, past relevant work that is "from many years ago" or in an isolated industry, and limitations in the residual functional capacity (RFC) which infringe upon a claimant's remaining occupational base. Defendant contends that these factors support the ALJ's age determination. Defendant's argument, however, constitutes a post hoc rationalization upon which the Court will not rely. *See, e.g., Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (finding that a court will not affirm based on a post hoc rationale that might have supported the ALJ's conclusion). In fact, the ALJ did not consider these factors and the Court will not be the first to consider them on this review.

The ALJ's failure to consider the borderline situation, combined with the ALJ's incorrect factual finding concerning Plaintiff's age at the date last insured, warrants remand in this case. On remand, the ALJ shall directly address the borderline situation, explain his reasoning in determining the proper age category, and conduct any further proceedings as necessary. As the

ALJ's age category determination could be dispositive in this matter, the Court defers from addressing Plaintiff's remaining raised issue at this time.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties